# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CLARA CHRISTOPHER, as Administratix Ad Prosequendum For The Estate Of Myrtle Denean Marshall Deceased, and On Behalf Of Decedent's Heirs At Law And Next Of Kin,

       Plaintiff,

       v.

CITY OF PHILADELPHIA, *et al.*

       Defendants.

2:13-cv-04784-WY

## MEMORANDUM

YOHN, J.                                                                February 5, 2014

This action arises out of the death of Myrtle Denean Marshall while she was a pre-trial detainee held at the Philadelphia Prison System's Riverside Correctional Facility ("Riverside"). The plaintiff, Clara Christopher, is the administratrix of Marshall's estate; she brings suit in that capacity and on behalf of Marshall's heirs and kin. The defendants are the City of Philadelphia, the private contractor that provides medical services to its pre-trial detainees and their correctional and medical employees. Among the individual defendants are Dr. Caleb Nwosu and Dr. Eke Kalu, who are alleged to have been responsible for the medical care of pre-trial detainees at Riverside.

1

Nwosu and Kalu now move to dismiss Christopher's claims against them. For the following reasons, I will grant the motion as to Christopher's § 1983 claims against them, but deny the motion as to Christopher's state law claims against them.

## I.      Background[1]

On August 18, 2011, Marshall was admitted to Riverside as a pre-trial detainee after having been arrested the previous day on outstanding bench warrants. Three days later, on August 21, 2011, Marshall was found naked and unresponsive in her cell, and she was pronounced dead at 10:08 a.m. According to the complaint, no medical personnel were present at Riverside at the time Marshall was found in her cell.

Plaintiff alleges that Marshall suffered from hypertensive heart disease, and she expressed on a Riverside intake questionnaire that she had life threatening medical conditions and took heart medication. Over her four day detention, however, Riverside medical personnel were allegedly unresponsive to Marshall's stated medical needs and subsequent requests for proper medical treatment made by Marshall and members of her family.[2] Marshall allegedly complained to her cellmate on August 20, 2011 that she did not receive heart medication at the beginning of her stay in Riverside, that she thereafter received incorrect doses of heart medication, and that correctional officers were unresponsive when she raised related concerns.

As to the moving defendants, the complaint alleges Nwosu was a medical doctor working in the Philadelphia Prison System and in the Riverside facility, and that she was responsible for providing medical services to inmates and pre-trial detainees, including Marshall. The complaint

---

[1] This factual background represents the plaintiff's well-pleaded allegations. At this early stage of litigation I construe the plaintiff's allegations in the light most favorable to the plaintiff. *See Buck v. Hampton Twp. Sch. Dist*., 452 F.3d 256, 260 (3d Cir. 2006).

[2] The complaint does not detail the family members' alleged communications regarding Marshall's medical treatment.

also alleges Marshall had previously been detained at Riverside, and Nwosu personally provided Marshall with medical care during that detention. The complaint further alleges Kalu is the regional medical director for Corizon, Inc., the private contractor responsible for all inmate and pre-trial detainee medical care in the Philadelphia Prison System. The complaint alleges Kalu had supervisory duties as to the Riverside facility, and that he was responsible for supervising the medical staff directing Marshall's care.

Christopher alleges Marshall's death resulted from the deliberate indifference of the defendants, who allegedly knew, should have known, or with deliberate indifference failed to determine Marshall urgently needed proper medical care. Further, she alleges the failure to provide proper and necessary medical care is a practice and custom of the Philadelphia Prison System.

On August 16, 2013, Christopher brought the instant action. In it, she brings § 1983 claims against all defendants for violation of Marshall's rights under the Eighth and Fourteenth Amendments. She also claims negligence and wrongful death against the defendant medical professionals, including Nwosu and Kalu. She seeks punitive damages.

On October 29, 2013, Nwosu and Kalu filed the instant motion to dismiss under Rule 12(b)(6). Nwosu and Kalu raise six issues in support of their motion: (1) Christopher fails to allege either Nwosu or Kalu was involved in Marshall's medical care as required to state a claim against them under § 1983; (2) Christopher's allegations do not support an Eighth Amendment claim against Nwosu and Kalu; (3) Christopher's allegations do not support a Fourteenth Amendment claim against Nwosu and Kalu; (4) Christopher's state law medical liability claims must fail because she did not file a certificate of merit; (5) the court should decline to take supplemental jurisdiction of the state law claims if Christopher has not stated any federal claims;

and (6) Christopher does not plead sufficient facts to form a basis for punitive damages. In the alternative, Nwosu and Kalu seek a more definite statement of Christopher's claims under Rule 12(e).

## II.     Legal Standards

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. Fed. R. Civ. P. 12(b)(6). In determining whether a complaint is sufficient, a court takes note of the elements the plaintiff must plead to state a claim, and accepting all factual allegations in the complaint as true, determine whether the plaintiff's well-pleaded factual allegations plausibly give rise to an entitlement for relief. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). While a short and simple statement of entitlement to relief is all that is required to state a claim under Rule 8(a), vague or conclusory statements will not suffice: a claim is only plausible where the complaint pleads sufficient factual content to raise the right to relief above the speculative level. *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007). Any reasonable inferences that may be drawn from the complaint must be drawn in the light most favorable to the plaintiff. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

## III.    Discussion

### A.     § 1983 Claims

Nwosu and Kalu contend Christopher's § 1983 claims must fail because the complaint does not allege their direct involvement in Marshall's medical care. According to Nwosu and Kalu, while supervisory failures may be a basis for a negligence action, they are not a basis for a claim under § 1983. Christopher does not address this argument in her response.

4

The Third Circuit has held that, for an individual defendant to have liability under §
1983, he or she "must have personal involvement in the alleged wrongdoing; liability cannot be
predicated solely on the operation of respondeat superior. Personal involvement can be shown
through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v.
Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207
(3d Cir. 1988). Where a complaint alleges no facts indicating the individual defendant personally
directed or knowingly acquiesced in the allegedly violative action—or where the complaint
implicitly rests on the doctrine of respondeat superior—the complaint fails to state a claim under
§ 1983. *Evancho*, 423 F.3d at 353-54; *see also Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir. 1990)
("We find nothing in the record to suggest that [the defendant] was involved in the acts
complained of or that they were done with his knowledge and acquiescence.").

Here, the complaint does not allege either Nwosu or Kalu was directly involved in
Marshall's medical care at Riverside during her 2011 detention. In fact, the complaint does not
make any factual allegations regarding Nwosu and Kalu during the time period in question other
than that they were doctors with medical care responsibilities for Riverside detainees. Drawing
all inferences in Christopher's favor, these allegations may be sufficient to state a negligence
claim rooted in respondeat superior. *See Buck*, 452 F.3d at 260. But Christopher's failure to
plead Nwosu and/or Kalu's direct involvement in Marshall's medical care during the relevant
time period means she does not state a claim against them under § 1983.[3] *See Evancho*, 423 F.3d
at 353-54; *Gay*, 917 F.2d at 771.

Because this is sufficient to defeat Christopher's § 1983 claims, I will not address Nwosu
and Kalu's substantive arguments regarding the Eighth Amendment and Fourteenth Amendment.

---

[3] I will dismiss Christopher's § 1983 claims without prejudice. Should she learn Nwosu and Kalu were directly
involved in Marshall's medical care in the days preceding her death, she is free to amend her complaint accordingly,
if she does so within sixty days of the date hereof.

### B.      Negligence

#### 1.      Certificate of Merit

Nwosu and Kalu contend Christopher's state law claims should be dismissed for failure to produce a certificate of merit within sixty days of the complaint as required by Pennsylvania Rule of Civil Procedure 1042.2. Christopher responds that she submitted certificates of merit with respect to Nwosu and Kalu on October 15, 2013—precisely sixty days after the filing of the complaint on August 16, 2013.

Indeed, on October 15, 2013, Christopher submitted separate certificates of merit for Nwosu and Kalu that appear compliant with the Pennsylvania rule (even assuming the rule applies here). Christopher's state law claims will not fail on this basis.

#### 2.      Supplemental Jurisdiction

Nwosu and Kalu next contend that, if Christopher's federal causes of action against them are dismissed, I should decline supplemental jurisdiction over Christopher's state law claims against them. Although it is appropriate for a federal district court to decline supplemental jurisdiction when it has dismissed all claims which were the basis of original jurisdiction, *see* 28 U.S.C. § 1367(c)(3), Nwosu and Kalu are just two of many defendants in this case against whom the plaintiff has brought federal causes of action under § 1983 and their dismissals are without prejudice to their filing of an amended complaint. As Christopher's state law claims against Nwosu and Kalu relate to the same case or controversy as the many federal claims that still exist in this case, I will retain supplemental jurisdiction to hear the state law claims against Nwosu and Kalu.

### 3.    Punitive Damages

Nwosu and Kalu next contend that, should Christopher's state law claims against them survive, the allegations in the complaint are not sufficient to entitle her to punitive damages. In response, Christopher states Nwosu and Kalu's "conduct was so recklessly and callously indifferent to Marshall's serious medical need during her incarceration . . . that it unquestionably entitles [her] a claim for punitive damages."

In Pennsylvania, the standard used for awarding punitive damages is set out in section 908(2) of the Restatement (Second) of Torts. *See Chuy v. Eagles Football Club,* 595 F.2d 1265, 1277 (3d Cir. 1979); *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742, 747 (Pa. 1984). The Restatement provides: "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Restatement (Second) of Torts § 908(2) (1979); *see also Feld,* 485 A.2d at 747-48 (explaining that an award of punitive damages must be based on conduct that is malicious, wanton, reckless, willful, or oppressive). Therefore, "[t]he state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious." *Feld,* 485 A.2d at 748. In evaluating a request for punitive damages, "one must look to 'the act itself together with all the circumstances including the motive of the wrongdoers and the relations between the parties.' " *Id.* (quoting *Chambers v. Montgomery,* 411 Pa. 339, 192 A.2d 355, 358 (Pa. 1963)).

Here, Christopher asserts in her complaint "the defendants knew, should have known, or with deliberate indifference failed to determine that . . . [Marshall's] condition would cause serious illness, injury or death without medical intervention." Christopher further alleges Nwosu and Kalu's failure to provide necessary and proper medical care was willful and/or reckless. Whether Christopher can prove these allegations at trial is not at issue in the instant motion.

7

Instead, the only issue currently before me is whether Christopher has provided "not only fair notice, but also the grounds on which the claim rests." See *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). At this early stage of litigation I find Christopher has sufficiently alleged an entitlement to punitive damages to survive a motion to dismiss.

### 4.    Motion For More Definite Statement

Finally, Nwosu and Kalu argue the complaint is too full of factual and legal generalities for them to formulate a reasonable response, such that they are entitled under Rule 12(e) to a more definite statement of Christopher's claims. *See* Fed. R. Civ. P. 12(e). Christopher responds that her allegations "are neither vague nor ambiguous and therefore a more definitive statement is not required."

Under Rule 12(e), "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." *Id*. While the complaint does not detail how Nwosu and Kalu personally contributed to Marshall's death, I do not agree with Nwosu and Kalu that the complaint is "so vague or ambiguous that [they] cannot reasonably prepare a response." *See id*. Rather, the complaint gives adequate notice to Nwosu and Kalu that they are alleged to have contributed to the allegedly inadequate medical care received by Marshall in the days leading up to her death, if not through direct involvement then through their supervision of those who were directly involved in Marshall's medical care. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."). Moreover, Marshall is deceased, and Nwosu and Kalu are far more likely than Christopher to possess information about the nature or extent of their involvement in Marshall's medical care. Such pro-defendant information

asymmetries militate towards construing the complaint liberally. *See* Arthur R. Miller, *From Conley to Twombly to Iqbal: A Double Play on the Federal Rules of Civil Procedure*, 60 Duke L.J. 1, 45 (2010) ("The problem [of information asymmetry] is exacerbated in multiple-defendant situations in which access to information is critical to indicating the alleged wrongdoing in order to focus on the alleged wrongdoer.").

Because the complaint sufficiently puts Nwosu and Kalu on notice, the motion for a more definite statement will be denied.

An appropriate order follows.